UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANICE MULCAHEY, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, *Acting* )<br>*Commissioner of Social Security,* )<br>)<br>    *Defendant* ) | No. 2:14-cv-523-JHR |

*MEMORANDUM DECISION*[1]

This Social Security Disability ("SSD") appeal challenges the administrative law judge's conclusion that the plaintiff's medically determinable impairments did not meet or medically equal the criteria of Paragraph 12.04 in Appendix 1 to 20 C.F.R. Part 404, Subpart P ("Listing 12.04") or cause limitations on her physical ability to perform work-related activities.[2] I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982),

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 12, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this case, through the entry of judgment. ECF No. 15.

[2] At oral argument, the plaintiff's attorney asserted that the administrative law judge had "missed" the plaintiff's orthopedic impairments, which rendered the reports of the state-agency physicians reviewers unsupportable. This issue was not raised in her itemized statement of errors and, accordingly, has been waived. *See, e.g., LaFlamme v. Colvin*, Civil No. 1:14-cv-57-DBH, 2015 WL 519422, at *7 (D. Me. Feb. 6, 2015).

the administrative law judge found, in relevant part, that the plaintiff suffered from Raynaud's syndrome and depression, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment in the Listings, Findings 3-4, Record at 13-14; that she had the residual functional capacity ("RFC") to perform the full range of work except that she could understand, remember, and carry out only simple repetitive instructions and needed to avoid cold temperatures, Finding 5, *id*. at 15; that she was unable to perform any past relevant work, Finding 6, *id*. at 17; that, given her age (58 on the alleged date of onset of disability, March 10, 2010), at least high school education, work experience, and RFC, use of the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*.; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability through the date of the decision, August 27, 2013, Finding 11, *id*. at 18.  The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  However, the plaintiff's appeal concerns only Step 3 of the sequential evaluation process.  At Step 3, a claimant bears the burden of proving that her impairment or combination of impairments meets or equals a listing.  20 C.F.R. § 404.1520(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987).  To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings.  20 C.F.R. § 404.1525(c)(3).  To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R. § 404.1526(a).

## I.   Discussion

### A.  Mental RFC

Listing 12.04 deals with the mental impairment of affective disorders.  To meet the listing, a claimant must show that the requirements in both subparts A and B of the listing, or the requirements in subpart C of the listing.  Subpart A requires

> Medically documented persistence, either continuous or intermittent, of one of the following:
> 1.   Depressive syndrome characterized by at least four of the following:
> a.  Anhedonia or pervasive loss of interest in almost all activities; or
> b.  Appetite disturbance with change in weight; or
> c.  Sleep disturbance; or
> d.  Psychomotor agitation or retardation; or
> e.  Decreased energy; or
> f.  Feelings of guilt or worthlessness; or
> g.  Difficulty concentrating or thinking; or
> h.  Thoughts of suicide; or
> i.  Hallucinations, delusions, or paranoid thinking; or
>
> 2.  Manic syndrome characterized by at least three of the following:

      a.  Hyperactivity; or
      b.  Pressure of speech; or
      c.  Flight of ideas; or
      d.  Inflated self-esteem; or
      e.  Decreased need for sleep; or
      f.  Easy distractability; or
      g.  Involvement in activities that have a high probability of painful consequences which are not recognized; or
      h.  Hallucinations, delusions or paranoid thinking; or

3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND
B. Resulting in at least two of the following:
   1. Marked restriction of activities of daily living; or
   2. Marked difficulties in maintaining social functioning; or
   3. Marked difficulties in maintaining concentration, persistence, or pace; or
   4. Repeated episodes of decompensation, each of extended duration;

OR
   C.  Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
      1.  Repeated episodes of decompensation, each of extended duration; or
      2.  A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
      3.  Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

Listing 12.04 (capitalization in original).

The plaintiff contends that the administrative law judge's conclusion that her mental impairment did not meet these requirements, Record at 14-15, was not supported by substantial evidence. Statement of Errors ("Itemized Statement") (ECF No. 12) at [2]. Specifically, she faults

the administrative law judge for rejecting the opinion of her treating psychiatrist, Dr. Lester P. Nicholson, that she met this listing, Record at 328, and relying on the opinion of a consulting psychologist, Dr. Patricia Kolosowski, *id*. at 299-302.  Itemized Statement at [3]-[4].  She asserts that the administrative law judge "substitute[d] her own opinion for that of the medical experts." *Id*. at [2].  However, it is clear from the record that the administrative law judge did not do so.

The plaintiff relies on a form filled out by Dr. Nicholson on May 31, 2013, Record at 398-401, which is not keyed to the requirements of the Listing and which is, in many respects, inconsistent with his earlier, one-sentence statement that the plaintiff "meets Listing 12.04 for Affective Disorders[,]" *id*. at 328, as the administrative law judge found. *Id.* at 16.

A fundamental problem with the plaintiff's presentation is that she never specifies any medical evidence in the record that would support, let alone require, a conclusion that each required element of Listing 12.04 is met in her case.  The conclusory opinion of a treating physician is not sufficient, *see, e.g., Ferrante v.* Astrue, 755 F.Supp.2d 206, 211 (D. Me. 2010), particularly when there is evidence in the record to the contrary, as is the case here with the opinions of the state-agency reviewing psychologists.  Record at 42, 55.  To be successful on this appeal, the plaintiff must show that her affective disorder meets all of the criteria in the listing. *Parker v. Colvin*, Civil No. 2:13-cv-286-DBH, 2014 WL 3533323, at *2 (D. Me. July 15, 2014).  The plaintiff mentions only Dr. Nicholson's opinions regarding restrictions in maintaining attention and concentration and in social functioning.  Itemized Statement at [3].  This is insufficient to establish all of the criteria of subparts A and B or C of Listing 12.04.

The plaintiff also apparently contends that the administrative law judge was required to conclude from Dr. Kolosowski's assignment of a Global Assessment of Functioning (GAF) of 50 to her that she met Listing 12.04.  *Id*. at [4].  This court has rejected such an argument, observing

5

that a GAF score has no direct correlation with the severity requirements of a listing for a mental impairment. *Jones v. Astrue*, No. 1:10-cv-179-JAW, 2011 WL 1253891, at *5 (D. Me. Mar. 30, 2011).

The plaintiff's contention that "[t]he record as a whole provides no evidence to overturn the opinion of a treating physician who found that the Claimant met Listing 12.04[,]" Itemized Statement at [5], betrays a fundamental error. The opinion of a treating medical professional is not "overturned" if it is not adopted. It is the plaintiff's burden at Step 3 to establish that a listing is met through medical evidence, rather than through the opinion of a treating medical professional on the ultimate issue, which is reserved to the commissioner.

The plaintiff is not entitled to remand on the basis of the administrative law judge's treatment of her mental impairment.

## B.  Physical RFC

The plaintiff again complains that the administrative law judge rejected the opinions of her "treating medical care providers," of whom she identifies only Dr. Lauter, with respect to her physical limitations. Itemized Statement at [4]-[5]. She contends that the administrative law judge relied solely on the opinion of consulting examiner Dr. Smith, whose report does not mention "CDC guidelines for the diagnosis of chronic fatigue syndrome" or the longitudinal review of her medical records recommended by Social Security Ruling 12-2p with respect to fibromyalgia. *Id.* She again asserts, in conclusory fashion, that the administrative law judge impermissibly "substituted her own layman's opinion for the findings and opinions" of a treating physician. *Id.*

The administrative law judge discussed her reasons for finding that the plaintiff's alleged fibromyalgia and chronic fatigue were not severe. Record at 14. She permissibly relied on the opinions of state-agency physician reviewers to this effect. *Id*. at 16, 41-42, 57. In addition, while

Dr. Smith's consultative report may not have expressly stated that he reviewed the plaintiff's longitudinal medical records, Social Security Ruling 12-2p, upon which the plaintiff relies in this regard, provides as follows:

> Because the symptoms and signs of [fibromyalgia] may vary in severity over time and may even be absent on some days, it is important that the medical source who conducts the [consultative examination] has access to longitudinal information about the person. However, we may rely on the [consultative examination] report even if the person who conducts the [consultative examination] did not have access to longitudinal evidence if we determinate that the [consultative examination] is the most probative evidence in the case record.

Social Security Ruling 12-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2014) at 465. Accordingly, Dr. Smith's failure to state whether he reviewed all of the plaintiff's medical records in the course of his consultation does not require that his opinions be rejected, much less that remand is indicated.

The plaintiff's argument on this issue also suffers from a fatal lack of specificity; she does not identify any undisputed medical evidence that would have required the administrative law judge to include further physical limitations in her RFC, nor does she specify what those limitations would be, referring only to "a wide variety of restrictions" placed on her by Dr. Lauter. Itemized Statement at [5].[3]

The plaintiff has not established that she is entitled to remand on the basis of any error in her physical RFC.

---

[3] At oral argument, the plaintiff's attorney complained that the administrative law judge did not take testimony from the vocational expert present at the hearing about how the nonexertional limitations in her RFC would have affected the plaintiff's ability to perform work. The plaintiff was represented at the hearing by an attorney, Record at 23, who bore some responsibility to pose such a question to the vocational expert at the time, particularly as the burden of proof rests with the claimant through the establishment of an RFC. *See, e.g., Faria v. Commissioner of Soc. Sec.*, 187 F.3d 621 (Table), 1998 WL 1085810, at *1 (1st Cir. 1998) ("When a claimant is represented, the ALJ should ordinarily be entitled to rely on claimant's counsel to structure and present the claimant's case in a way that claimant's claims are adequately explored." (citation and internal punctuation omitted)); *O'Bannon v. Colvin*, Civil No. 1:13-cv-207-DBH, 2014 WL 1767128, at *8 (D. Me. Apr 29, 2014); *Little v. Astrue*, Civil No. 09-619-P-H, 2010 WL 4365559, at *4 (D. Me. Oct. 27, 2010).. In addition, this issue is not raised in the plaintiff's itemized statement and is thus waived.

## II.     Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 28th day of June, 2015.

					/s/  John H. Rich III
					John H. Rich III
					United States Magistrate Judge